UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TERRY LEE BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-2379 |
| | ) | |
| PAUL TALBOT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for events that allegedly transpired while he was incarcerated within the Illinois Department of Corrections. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment on the issue of exhaustion of administrative remedies. (Docs. 47, 56). The motions are denied.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff filed this lawsuit on December 20, 2016. Pursuant to its Merit Review Opinion, the Court found that Plaintiff stated an Eighth Amendment claim for deliberate indifference to a serious medical need related to a forearm injury Plaintiff sustained in April 2009.

The record discloses seven (7) grievances. The four (4) grievances Plaintiff filed in 2015 do not address the issues Plaintiff raised in this lawsuit. *See* (Doc. 48-2 at 18) (prison officials had thrown away Plaintiff's food); (Doc. 48-2 at 21) (confiscation of personal property); (Doc. 48-2 at 24) (discipline Plaintiff received for assaulting his cellmate); (Doc. 48-2 at 26) (excess books; cellmate masturbating in his presence).

Grievances dated September 22, 2016 and December 24, 2016, respectively, address medical treatment for Plaintiff's forearm injury. Plaintiff's counselor responded to the September grievance in January 2017, and the ARB did not respond to Plaintiff's appeal until February 2017. (Docs. 48-2 at 2-4). Plaintiff sent the December grievance directly to the ARB, who received it on December 29, 2016. (Doc. 48-2 at 5-8).

Finally, Plaintiff filed a grievance dated March 18, 2016. This grievance raises issues regarding (1) Plaintiff's medical treatment at Danville Correctional Center, the facility from which he was transferred on February 4, 2015; and (2) the medical treatment Plaintiff received at Lawrence Correctional Center, the facility where Plaintiff was incarcerated at the time. Plaintiff originally sent this grievance directly to the ARB. The ARB denied the grievance as to the Danville issues as untimely. As to the Lawrence issues, the ARB directed Plaintiff to attach responses from his counselor and grievance officer.

Plaintiff resubmitted the March grievance to his counselor at Lawrence on May 31, 2016; the counselor responded to the grievance on August 22, 2016. (Doc. 48-2 at 12). The record does not disclose a response from the grievance officer. According to the file stamps, the ARB received this resubmitted grievance on September 22, 2016. The ARB denied the grievance as untimely. (Doc. 48-2 at 9).

**ANALYSIS**

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely

unexhausted." *Id.*; *see Dole*, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Under the prison rules in place during the relevant time period, inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 Ill. Admin. Code § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." *Id.* A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. *Id.* § 504.830(d).

An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e). Grievances related to events that occurred at facility where the prisoner is no longer incarcerated must be submitted directly to the ARB. *Id.* § 504.870(a)(4).

Resolution of the exhaustion issue hinges solely on the grievance dated March 18, 2016. The other grievances disclosed in the record (1) did not address the issues raised in this lawsuit, or (2) were not resolved until after Plaintiff filed this lawsuit. *See Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004) (prisoner may not exhaust administrative remedies while the lawsuit is pending).

Defendants Lamb, Cunningham, Coe, Lochard, Shah, and Witherspoon argue that Plaintiff failed to identify them by name or description in the March 2016 grievance, and, therefore Plaintiff did not comply with prison rules. The relevant rule provides that "[t]he grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(c). Plaintiff identifies only a "black doctor" and Defendant Coe in his grievance.

Plaintiff's resubmitted March 2016 grievance complains of a specific injury to his left forearm and the medical treatment he received for the injury at two different facilities. Plaintiff's counselor at Lawrence addressed the grievance on its merits without reference to any procedural defect. (Doc. 48-2 at 12) ("Per HCU Administrator: 1/11/16 x-ray ordered by Dr. Coe, 1/13/16 x-ray completed, 1/13/16 MD note: Follow up on x-ray 'The radius and ulna are connected possibly from a gunshot wound injury in mid area.'"). The Court must also assume that the grievance officer addressed Plaintiff's resubmitted grievance on the merits given the Defendants' failure to provide a copy of the response.[1] The ARB also did not reject Plaintiff's resubmitted grievance for failure to identify specific prison officials. (Doc. 48-2 at 9).

"Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and [prison officials] cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Prison officials addressed Plaintiff's grievances without rejecting on the grounds that Plaintiff failed to comply with the rule they now cite.

---

[1] Though it was not provided, the Court assumes that the grievance officer responded to Plaintiff's resubmitted grievance based upon the fact that the ARB did not reject Plaintiff's appeal for failure to attach it.

Furthermore, Defendants have failed to establish that Plaintiff failed to comply with the deadline for submitting grievances established under the prison rules. The ARB cited § 504.810 as the basis for its denial of Plaintiff's grievance. (Doc. 48-2 at 9). That rule provides that a grievance must be submitted to the grievance officer "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Ill. Admin. Code § 504.810(a). Plaintiff arguably could not have complied with the rule because prison rules required that he send the grievance to his counselor first, and his counselor did not respond for almost 90 days. Moreover, the Court cannot ascertain whether Plaintiff complied with the rule without a copy of the grievance officer's response. In the absence of such evidence, the Court cannot find Defendants have met their burden.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment [47][56] are DENIED.**

2) **Defendants' Motion for Extension of Time [70] is GRANTED. Discovery shall be completed by March 5, 2018. Dispositive motions shall be filed by April 5, 2018.**

Entered this 9th day of January, 2018.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE